JOHN A. LESLIE, Respondent, v. JACOB LORILLARD and THE LORILLARD STEAMSHIP COMPANY, Appellants, Impleaded, etc.

*Agreement by a corporation not to exercise its franchises — when illegal — right of a stockholder to maintain an action to have it declared void.*

The plaintiff, a stockholder of the Old Dominion Steamship Company, brought this action against Jacob Lorillard, the Lorillard Steamship Company and the Old Dominion Steamship Company, to restrain the latter from paying to the Lorillard Steamship Company certain sums of money which were agreed to be paid under a certain agreement entered into between the two companies, by which the Lorillard Steamship Company agreed not to enter into competition with the Dominion Steamship Company upon one of the routes of the latter company; which agreement the plaintiff claimed was illegal and void.

*Held*, that as it appeared that the money was to be paid to induce the Lorillard company to cease to exercise its franchises the agreement was illegal and void; and that as the Old Dominion Steamship Company had refused to bring the action when requested by the plaintiff he, as a stockholder thereof, might maintain it.

Appeal by the defendants Jacob Lorillard and the Lorillard Steamship Company from an interlocutory judgment, entered in Westchester county, overruling a demurrer to the complaint interposed by said defendants.

This action was brought by the plaintiff, a stockholder of the Old Dominion Steamship Company of Delaware, for himself and all other stockholders of that company, who shall come in, to restrain said company from making any payments to Jacob Lorillard under a contract executed by all the defendants, a copy of which was annexed to the complaint, and to restrain the prosecution of an action begun by said Lorillard against said company to recover the amounts provided to be paid in said contract, to obtain judgment that the contract be canceled and adjudged null and void, and that Jacob Lorillard pay to that company the money which he has received under the contract. Before the action was commenced the plaintiff requested the Old Dominion Steamship Company of Delaware to bring the action, but it refused to do so.

In 1873, the defendant, the Old Dominion Steamship of New York, a New York corporation, was engaged in running a line of steamships between the ports of New York, Norfolk, City Point and Richmond. In the spring and summer of that year the defendant Jacob Lorillard, who was the president of the defendant, the Lorillard Steamship Company, and had entire control of it, the other directors (except one, who was his brother-in-law) being his clerks and employees, for the purpose of extorting money from the defendant, the Old Dominion Steamship Company of New York, stated to its officers that the Lorillard Steamship Company intended to put on and run a line of steamships between the ports above mentioned in opposition to the steamships of the Old Dominion Steamship Company, and to deceive the officers of that company and cause them to believe that a formidable opposition would be established against that company, Mr. Lorillard caused the Lorillard Steamship Company to lease docks at Norfolk and other places, and to hire agents and servants at different points; and in the month of October, 1873, he caused the Lorillard Steamship Company to put on and run a line of steamships between those ports in opposition to the Old Dominion Steamship Company; these ships were run at a positive pecuniary loss to the Lorillard Steamship Company, which had no means wherewith to continue running them, and Mr. Lorillard advanced the money for that purpose. Mr. Lorillard continued to run these ships at a loss until the latter part of January, 1874, when he was successful in deceiving the officers of the Old Dominion Company, who believed that a powerful opposition line had been started; and for the purpose of inducing Lorillard to withdraw the ships, the Old Dominion Steamship Company of New York entered into an agreement with him and the Lorillard Steamship Company, a copy of which is annexed to the complaint, by which it agreed to pay Mr. Lorillard $1,500 a month for ten years from the first day of February, 1874, so long as there should be no opposition to its ships by sea, between said ports.

In 1875 the defendant, the Old Dominion Steamship Company of Delaware, was organized, and succeeded to the business of the New York company of that name, became vested with all its property, which was duly conveyed and assigned to it by that company, and subject to its liabilities and contracts, and

from its organization, in February, 1875, until about the 1st day of February, 1878, paid to Jacob Lorillard $1,500 a month, under the provisions of said agreement, which payments amounted to $54,000. Disputes having arisen between Lorillard and this new company, a new contract, annexed to the complaint, was executed by all the defendants on October 29, 1878, by which the first contract was modified, and the Old Dominion Steamship Company of Delaware agreed, in consideration of Jacob Lorillard and the Lorillard Steamship Company releasing it from liability under the first contract and agreeing not to run any opposition line between said ports, to pay to Jacob Lorillard $12,000 on the execution of the contract, $1,500 on November 1, 1878, $1,500 on December 1, 1878, $1,500 on January 1, 1879, and a monthly subsidy of $750, " so long as there shall be no opposition line of steamships between the ports or places aforesaid, but not exceeding, however, the period of five years from the 1st day of February, 1879." The complaint after setting forth these facts, and that the defendant Lorillard had already received large sums of money under the agreements, and all except $21,750 provided to be paid by the second contract, and that the plaintiff was advised that the contracts set forth are illegal and not within the scope of the powers and purposes for which the Old Dominion Steamship Company of New York, or the Old Dominion Steamship Company of Delaware, or either of them, were formed, or do not arise therefrom, or relate thereto, and that all payments made under them to Jacob Lorillard were without authority of law, and that the plaintiff had requested the Old Dominion Steamship Company of Delaware to pay no more money to said Jacob Lorillard, under said second contract, and to commence an action to procure the cancellation of said contract, and to recover the money paid thereunder, and that the company refused to do so, demands the judgment above stated. To this complaint the defendants Jacob Lorillard and the Lorillard Steamship Company demur upon the grounds that the court has not jurisdiction of the subject of the action ; that the plaintiff had not legal capacity to sue ; that two causes of action, one under the first agreement, and one under the second agreement were improperly united, and that the facts stated did not constitute a cause of action.

*Asa Bird Gardiner* and *Robert L. Reade,* for the appellants.

*Thomas S. Moore,* for the respondent.

PRATT, J.:

In form the contract mentioned in the complaint binds the Old Dominion Steamship Company, Delaware, to pay the Lorillard Steamship Company $12,000 as a lump sum, together with $750 per month. The monthly sum is the agreed price to be paid to induce the Lorillard company to cease to exercise its franchises, and that company agrees to cease to exercise its franchises in consideration of that sum. The $12,000 is an aggregate made up of various sums which, in form, accrued for like considerations under a former contract made with like intent and imposing like obligations.

I think the contracts were illegal and *ultra vires.* These companies were organized under laws which contemplate a *public benefit* to be derived from the *exercise* of their powers in a *public service,* and this contract is in plain violation of the object of their incorporation as well as against public policy. It would, therefore, seem plain that the Delaware company has contracted to pay, and has paid, large sums of money for illegal purposes, and threatens to continue the wrong. The complaint, therefore, makes a plain case of accomplished waste and threatened waste. The plaintiff, being a stockholder of the company whose funds have been thus wasted and which are threatened with like wrongs, is injured and deprived of his just rights. It was the duty of his company to cease this wrong. It has refused to do its duty. Plaintiff has requested it to sue to cancel the contract. It has been sued by the Lorillard company upon these illegal claims and refused to interpose any defense, although plaintiff has requested it to make such defense. This gives plaintiff the right to intervene for the protection of his own rights and those of persons in like situation. Indeed, within the recent case of *Currier* v. *New York, West Shore and Buffalo Railroad Company,* recently decided in this department (35 Hun, 355), I fail to see why any demand was even necessary. The allegations show that it would have been an idle ceremony. So far, therefore, as the demurrer raises the questions of a cause of action and

plaintiff's standing I think it should be overruled. I fail to find any merit in the other grounds of demurrer.

Judgment should be affirmed, with costs.

BARNARD, P. J., concurred.; DYKMAN, J., not sitting.

Order overruling defendant's demurrer and judgment thereon affirmed, with costs.